IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Anthony Cervantes, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 24 C 6098** |
| v. | ) | |
| | ) | **Judge Jorge Alonso** |
| **BBLI Edison LLC and Berkshire** | ) | |
| **Communities L.L.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Defendants' motion to dismiss [20] is denied. A status hearing is set for 9:30 am on June 26, 2025. The parties shall file a joint status report by June 23, 2025.

## STATEMENT

Plaintiffs, Anthony Cervantes, Kenneth Deentremont, Thomas Burkhead, Jae Avilez, Lauren Webb, and Greg Easter, were tenants in an apartment building at 5200 North Sheridan Road, Chicago, Illinois, in January 2024, when Defendant BBLI Edison LLC ("BBLI") purchased the building at a foreclosure sale. In this diversity suit, Plaintiffs claim that BBLI and its agent, Berkshire Communities L.L.C. ("Berkshire"), violated the Keep Chicago Renting Ordinance ("KCRO"), Municipal Code of Chicago ("MCC"), Chapter 5-14, in various ways, including by failing to pay relocation assistance to Plaintiffs after they decided to move out of the building. They have filed this suit on behalf of themselves and as representatives of a class of similarly situated tenants.

In pertinent part, the KCRO provides that "the owner of a foreclosed rental property shall pay a one-time relocation assistance fee of $10,600 to a qualified tenant unless the owner negotiates in good faith for a new rental agreement that lasts at least 12 months, offers such qualified tenant a new rental agreement according to these terms, and the qualified tenant accepts the owners' offer in writing." MCC § 5-14-050(a)(1). A "qualified tenant" is "a tenant in a foreclosed rental property on the day that a person becomes the owner of that property" who "has a bona fide rental agreement to occupy the rental unit." *Id.* § 5-14-020. An "owner" is anyone who is, "pursuant to a judicial sale of a foreclosed rental property, the purchaser of the foreclosed rental property after the sale has been confirmed by the [foreclosure] court," including "the owner's agent." *Id.* Plaintiffs claim, among other things, that they were "qualified tenants" at the time of the foreclosure sale who were not offered new rental agreements, decided against accepting new rental agreements, and/or vacated their units in the months following the foreclosure sale, without being paid the relocation assistance they are owed under the KCRO. They also claim that they were not properly notified of their rights under the KCRO, in violation of MCC § 5-14-040.

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and strike the class allegations under Federal Rule of Civil Procedure 12(f).

## I. Dismissal and Rule 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To state a claim, the plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration marks omitted). Under this standard, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.at 556). The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). However, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court may consider, "in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

In support of dismissal, Defendants argue that none of the Plaintiffs state a claim because they were offered a new rental agreement, but opted to move out anyway, or else they vacated their units before the court-appointed receiver relinquished possession of the property on February 8, 2024. Additionally, Defendants argue that they provided timely notice in accord with the terms of the KCRO. Finally, they argue that Plaintiffs improperly make allegations "on information and belief." None of these arguments supports dismissal.

### A. Failure to State a Claim Based on Timing of Decision to Move Out

Defendants' contention that it was not required to pay relocation assistance to tenants who opted to move out either before the court-appointed receiver was officially discharged or after they had been offered a new rental agreement does not comport with the plain language of the KCRO. The KCRO states that any qualified tenant—*i.e.*, one who resides in a foreclosed property as a bona fide, arms-length renter at the time a foreclosure sale is confirmed—is entitled to relocation assistance unless, among other conditions, he accepts an offer of a new rental agreement. *See* MCC § 5-14-050(a)(1). Defendants seem to read the KCRO to require new owners of foreclosed rental properties to pay relocation assistance only if they *fail to offer* new rental agreements to existing tenants, but not if the tenants decide on their own to reject the offer and live elsewhere. This is not

2

a fair or reasonable interpretation of the language of the ordinance; it specifically requires payment of relocation assistance to qualified tenants unless they *accept* the offer of a new rental agreement. *See BBLI Edison LLC v. City of Chicago*, No. 24-CV-04925, 2025 WL 744025, at *3-5 (N.D. Ill. Mar. 7, 2025) (adopting this interpretation and explaining that the KCRO rationally "encourages foreclosing lenders to offer leases at rates agreeable to existing tenants and to address building code violations").

Defendants also argue that some of the plaintiffs are not "qualified tenants" because they were living in the foreclosed property on a month-to-month basis, their rental agreements having expired and not been renewed. Therefore, according to Defendants, none of these plaintiffs had "a bona fide rental agreement to occupy the rental unit," as the KCRO requires. The Court is not convinced. The KCRO defines "rental agreement" by reference to the Residential Landlord-Tenant Ordinance, which defines the term as "all written or oral agreements embodying the terms and conditions concerning the use and occupancy of a dwelling unit by a tenant." MCC § 5-12-030(h). When a rental agreement expires and the renter remains, continuing to pay monthly rent, that "generally" creates a "month-to-month tenancy," which is "governed by the terms of the original" rental agreement. *A.O. Smith Corp. v. Kaufman Grain Co.*, 596 N.E.2d 1156, 1162-63 (Ill. App. Ct. 1992). It does not follow from the fact that some of the plaintiffs' written rental agreements may have expired that they did not have any "bona fide rental agreement" to occupy their units. It is at least plausible that they each have the exact same "rental agreement," but on a month-to-month basis. Plaintiffs state a plausible claim, regardless of whether the foreclosure sale took place during the term of a written rental agreement.

Finally, the foreclosure sale was confirmed on January 17, 2024, as Defendants themselves demonstrate. (*See* Mot. to Dismiss Ex. B). Defendants do not explain, and the Court does not see, why it should matter, for purposes of the relocation-assistance obligation, that the court-appointed receiver was not formally discharged for several more weeks. Defendants have not shown that Plaintiffs fail to state a claim based on the timing of their decision to move out, so the motion to dismiss on that basis is denied.

### B. Failure to State a Claim Based on Notice

Defendants argue that they provided timely notice that satisfied the terms of the KCRO when they sent emails to Plaintiffs and all other tenants in their building with language that substantially complied with the form of notice prescribed by the KCRO. Plaintiffs object to the notice Defendants sent on several bases, including its timeliness, form, and the method of transmission. The Court need not address all these theories at this early stage because there is clearly at least one basis on which a notice-based claim is at least plausible. The KCRO states that the new owner of a foreclosed property "shall . . . notify, in writing, all occupants . . . [that they] may be eligible for relocation assistance," and "[t]he notice shall . . . be as follows." MCC § 5-14-040(a)(1). Then, the KCRO prescribes specific language, enclosed in quotation marks. Defendants do not dispute that they did not use that language in the notices they provided to the tenants of the foreclosed property. They say that instead they used language they found on the City of Chicago

3

website. As an initial matter, this is not an appropriate argument to make in a Rule 12(b)(6) motion to dismiss because it depends on facts outside the pleadings. *See Manza v. Pesi, Inc.*, No. 24-CV-690-JDP, 2025 WL 1445762, at *10 (W.D. Wis. May 20, 2025). But even if the Court takes Defendants' representation as true, Defendants cite no authority in support of their argument, and the Court fails to see any basis for dismissal. Plaintiff has plausibly alleged that the KCRO required notice in a particular form, and Plaintiffs claim that Defendants did not provide notice in that form. Defendants can develop and assert defenses at later stages as this case proceeds, but Plaintiffs have stated a plausible claim, which is all they need do at this stage. *See Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1002-04 (N.D. Ill. 2017).

### C. "Information and Belief"

Finally, Defendants argue that any claims based on the allegations made on "information and belief" in paragraphs 40-67 of the operative complaint (1st Am. Compl., ECF No. 19) must be dismissed. Again, Defendants cite no pertinent authority—in fact, they cite no authority at all except for a district court case, *In re Afr.-Am. Slave Descendants Litig.*, 304 F. Supp. 2d 1027, 1065 (N.D. Ill. 2004), which is not analogous.

Of course, there is no rule prohibiting parties from making factual allegations based on "information and belief," particularly where the circumstances present "information asymmetries that may prevent a plaintiff from offering more detail" without discovery. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011); *see Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010) ("[I]n analyzing the sufficiency of pleadings, a plaintiff's pleading burden should be commensurate with the amount of information available to them.") (cleaned up). The Court fails to see any pleading defect that requires dismissal here. These allegations do not appear to assert any freestanding claim at all; rather, they appear to add background and detail to the claims the Court has discussed above. To the extent there is any uncertainty about what these allegations mean, that is something for the parties to clear up in discovery, not by way of a motion to dismiss. Plaintiffs have stated plausible claims, so Defendants' motion to dismiss is denied.

### II. Striking Class Allegations and Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In some circumstances, a court may strike class allegations at the pleading stage. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Federal Rule of Civil Procedure 23(c)(1)(A) states that "at any early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). If the challenge to class certification involves a factual dispute, then discovery is necessary and striking class allegations at the pleading stage is premature. *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (citations omitted). Conversely, if a defendant's challenge to class certification is based on an issue of law, it is proper to decide the class certification question at the

pleading stage. *Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 WL 2861886, at *2 (N.D. Ill. July 2, 2019) (citations omitted).

Defendants argue that the class allegations should be stricken because the class is not sufficiently numerous, as only eight tenants have requested relocation assistance, including the six named plaintiffs. As an initial matter, this argument relies on information that is not found in the complaint or any source that the Court may consider at the pleading stage, which is reason enough to reject it. Regardless, Plaintiffs have alleged that there are 233 units in the foreclosed property, and they explain in their response brief that, based on information provided by Defendants, 164 units were occupied at the time of Defendants took ownership of the property, 74 tenants vacated the property following the change in ownership, and 21 others remained without having signed new leases. There are, therefore, dozens of potential class members.

In reply, Defendants do not mention numerosity and, therefore, appear to have abandoned their argument as to that ground. *See Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994); *Pogorzelska v. VanderCook Coll. of Music*, No. 19 CV 5683, 2024 WL 3177568, at *3 (N.D. Ill. June 26, 2024) (citing *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 596 (7th Cir. 2017)). They argue instead that, because Plaintiffs do not state a claim, they are not adequate representatives of any class, and their class allegations must be stricken. As explained above, the Court concludes that Plaintiffs do state a claim, so this argument does not hold up. The motion to strike is denied.

For the foregoing reasons, Defendants' motion to dismiss and strike is denied.

**SO ORDERED.**                                                                 ENTERED: June 9, 2025

_____
**HON. JORGE ALONSO**
**United States District Judge**